IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    Plaintiff,

v.

WELKIN ALEXANDER GONZALEZ-PEREZ,
    Defendant.

Criminal No. 26-253 (RAM)

UNITED STATES' MOTION FOR STAY OF RELEASE ORDER
AND FOR A DE NOVO BAIL HEARING

TO THE HONORABLE COURT:

The United States of America, through its undersigned counsel, respectfully requests that this Court, having original jurisdiction over the offense charged in the Indictment at ECF No. 1, review the release order to be entered today by Magistrate Judge Mariana E. Bauza-Almonte, and stay this order until the Court has had an opportunity to preside over a *de novo* bail hearing pursuant to 18 U.S.C. § 3145(a). Such a stay will preserve the Court's jurisdiction and protect the integrity of the judicial process in accordance with 28 U.S.C. § 1651(a), while any incremental harm to the defendant will be minimized by a prompt determination of the United States' motion for review in accordance with 18 U.S.C. § 3145(a).

Welkin Alexander Gonzalez-Perez (Mr. Gonzalez-Perez) was charged via criminal complaint on June 11, 2026, for Re-entry of Removed Alien, in violation of Title 8, United States Code, Section 1326(a). *See* ECF No. 1. The following is a summary of the facts. On June 6, 2026, at approximately 1:30 a.m. United States Coast

Guard Cutter (USCGC) *Heriberto Hernandez* was diverted from its routine patrol in the Mona Passage to investigate a yawl type vessel one mile south of Dececheo Island, Puerto Rico, transiting on an easterly course. Once in the area, USCGC *Heriberto Hernandez* launched its small boat (USCG Small Boat). At approximately 1:55 a.m. the USCG Small Boat encountered a fiberglass blue yawl type vessel with two outboard engines – only one of which was trimmed down and operational – and 40 persons onboard. After initially failing to heave to, the vessel complied with orders from the USCG Small Boat to stop. The crew members of the USCG Small Boat provided personal flotation devices to the individuals onboard the yawl type vessel, and due to safety concerns transferred everyone from the yawl type vessel to USCGC *Heriberto Hernandez*. Aboard USCGC *Heriberto Hernandez*, all subjects' fingerprints were obtained and entered into biometrics system. Mr. Gonzalez-Perez was identified as one of the people transferred from the yawl type vessel to the USCGC *Heriberto Hernandez* and his immigration background check returned the following information:

a)      On or about May 25, 2025, Mr. Gonzalez-Perez was encountered by Immigration & Customs Enforcement and Homeland Security Investigations near an illegally operated cockfighting coop in Rio Piedras, Puerto Rico. Mr. Gonzalez-Perez attempted to avoid apprehension, fleeing on foot. As a result, Mr. Gonzalez-Perez sustained injuries in one foot and was transported to a medical facility. Mr. Gonzalez-Perez left the hospital facility without having been medically discharged, escaping from custody.

b)      After Mr. Gonzalez-Perez fled the hospital, law enforcement opened an

investigation in an attempt to locate Mr. Gonzalez-Perez. During this investigation law enforcement observed multiple pictures on Mr. Gonzalez-Perez's social media depicting Mr. Gonzalez-Perez displaying a hand gesture related to the Trinitarios gang. This hand gesture is characterized by the formation of three fingers extended upwards while the thumb and pinky fingers are curled inward. Law enforcement know this symbol to be a gesture used by members of the Trinitarios as a means of identification and solidarity among their ranks.

c)      On or about August 18, 2025, on Manuel Fernandez Juncos Avenue in San Juan, Puerto Rico, Mr. Gonzalez-Perez was recognized by law enforcement agents as the subject that previously escaped from the hospital while in custody.

d)      Mr. Gonzalez-Perez was issued a Notice to Appear before an Immigration Judge.

e)      On September 18, 2025, Mr. Gonzalez-Perez was issued an Order of Removal by an Immigration Judge.

f)      On November 04, 2025, Mr. Gonzalez-Perez was officially & physically removed from the United States to the Dominican Republic from the Port of Miami, Florida.

In its Motion to Detain Without Bail, the United States moved for pretrial detention Pursuant to 18 U.S.C. § 3142(f)(2), based on serious risk of flight, arguing the weight of evidence against Mr. Gonzalez-Perez, the history and characteristics of

Mr. Gonzalez-Perez, Mr. Gonzalez-Perez's lack of legal status in the United States, how Mr. Gonzalez-Perez would be subject to removal or deportation after serving a period of incarceration, Mr. Gonzalez-Perez significant family or other ties outside the United States, and Mr. Gonzalez-Perez's prior attempts to evade law enforcement. ECF No. 10.

The United States Probation Office recommended that Mr. Gonzalez-Perez be released under combination of conditions they asserted could reasonably assure Mr. Gonzalez-Perez's appearance in court and the safety of the community. ECF No. 12. However, the United States Probation Office did not mention, or take into consideration for its recommendation, Mr. Gonzalez-Perez's flight from law enforcement outside of the cockfighting coop in Rio Piedras, his following unauthorized departure from the hospital, or his potential gang affiliation.

Despite the government informing the court of the above information, Magistrate Judge Mariana E. Bauza-Almonte ordered Mr. Gonzalez-Perez release, adopting the United States Probation Office recommendations and including home detention with electronic monitoring.

[INTENTIONALLY LEFT BLANK]

Given these circumstances, the United States submits that Mr. Gonzalez-Perez represents a serious risk of flight such that there is no condition or combination of conditions to reasonably assure his appearance in court.

WHEREFORE, the United States respectfully requests that the Court issue an order staying the Magistrate Judge's release order and set a de novo bail hearing.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, on June 18, 2026.

> W. Stephen Muldrow
> United States Attorney
>
> */s/ Cody A. McKinney*
> Cody A. McKinney, G04371
> Special Assistant United States Attorney
> United States Attorney's Office
> Torre Chardón, Suite 1201
> 350 Carlos Chardón Street
> San Juan, Puerto Rico 00918
> Email: cody.mckinney@usdoj.gov
> Tel. (787) 766-5656

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this June 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

> */s/Cody A. McKinney*
> Cody A. McKinney
> Special Assistant United States Attorney

5